**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-1356

———————

UNITED STATES OF AMERICA

v.

SHIHEE DONVEIL HATCHETT,
a/k/a SHIREE HATCHETT,
a/k/a SHAKEE HATCH,
a/k/a LEON FIELD

Shihee Donveil Hatchett,
Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00256-001)
District Judge:  Honorable Anita B. Brody

———————

Submitted Under Third Circuit LAR 34.1(a)
October 8, 2015

Before:  McKEE, *Chief Judge*, AMBRO and HARDIMAN, *Circuit Judges*.

(Opinion Filed:  October 28, 2015)

———————

OPINION*

———————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Shihee Hatchett appeals the District Court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We will affirm in part and remand the matter for further proceedings.

I

In May 2008, a federal grand jury indicted Hatchett under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. After he pleaded not guilty, the U.S. District Court for the Eastern District of Pennsylvania scheduled a jury trial for July 7, 2008. The Government and Hatchett then jointly moved for a continuance delaying the trial until "after October 24, 2008." App. 46. The District Court granted the motion in June 2008, finding that "the ends of justice are best served by granting a continuance" because, as the motion averred, "defense counsel needs adequate time to review the discovery, investigate the case, and meet with his client . . . to discuss the case and a possible non-trial disposition." App. 47. The Court did not set a new trial date until December, when it scheduled trial to begin on March 23, 2009. Another continuance was granted in March at the Government's request because Hatchett planned to offer medical evidence, and the trial began on June 1, 2009.

Hatchett was convicted and sentenced to 10 years' imprisonment. He appealed on the ground that § 922(g)(1) is unconstitutional, but we affirmed his conviction. In

February 2012, Hatchett filed a pro se § 2255 motion raising various claims of ineffective assistance of trial and appellate counsel, which the District Court denied. *United States v. Hatchett*, 987 F. Supp. 2d 529 (E.D. Pa. 2013). We granted Hatchett a certificate of appealability to consider whether his attorneys were ineffective for failing to argue that (1) the open-ended continuance granted in June 2008 was unreasonable in length; (2) pre-indictment prosecutorial delay justified a sentencing variance; and (3) the District Court erroneously believed it lacked discretion to grant a variance based on time Hatchett spent in state custody. The certificate also asked whether the District Court's failure to hold an evidentiary hearing or permit discovery on these claims constituted an abuse of discretion.

II

The District Court had jurisdiction under § 2255, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review of the denial of Hatchett's § 2255 motion is plenary as to the District Court's legal conclusions, but we review its factual findings for clear error only. *See United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014).

Per *Strickland v. Washington*, a claim of ineffective assistance of counsel requires a showing that (1) "counsel's performance was deficient," meaning "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). Our "scrutiny of counsel's performance must be highly

3

deferential," and we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Hatchett's first claim is that his attorneys were ineffective for failing to argue that the indictment should have been dismissed because the continuance granted in June 2008 resulted in a violation of the Speedy Trial Act. The Act generally requires that a trial begin within 70 days of the defendant's initial appearance, on penalty of dismissal of the indictment. 18 U.S.C. §§ 3161(c)(1), 3162(a)(2). Nevertheless, delay is excludable if it results "from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In *United States v. Lattany*, we held that delay caused by an open-ended "ends of justice" continuance is excludable under the Speedy Trial Act as long as the continuance is not "unreasonably long." 982 F.2d 866, 881 (3d Cir. 1992). Hatchett argues that the continuance granted by the District Court in June 2008 was unreasonably long under *Lattany* and his counsel was ineffective for not raising this argument.

We disagree. First, the continuance here appears reasonable. The parties disagree on its exact duration, *compare* Hatchett Br. 15 (pegging the delay at 259 days) *with* Gov't Br. 27 n.6 (207 days), but it was shorter than the one approved in *Lattany*, *see* 982 F.2d at 874–76 (describing a delay of over a year). And the District Court supported the continuance with findings that the delay would give Hatchett's counsel time to review discovery materials, meet with Hatchett, and explore a possible plea agreement. *See* App.

4

47; *see also* § 3161(h)(7)(A) (requiring a court to "set[] forth . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant"). We recognize that open-ended continuances are disfavored, *see Lattany*, 982 F.2d at 883, but that doesn't mean the continuance at issue here violated the Speedy Trial Act.

In any event, we would be hard-pressed to conclude that Hatchett's counsel was ineffective for failing to argue a violation of the Speedy Trial Act. Hatchett argues that any reasonably competent attorney would have moved to dismiss the indictment on speedy trial grounds even though the continuance was granted on Hatchett's own motion. *See id.* ("Defendants cannot be wholly free to abuse the system by requesting . . . continuances and then argue that their convictions should be vacated because the continuances they acquiesced in were granted."). Hatchett makes much of the fact that he did not personally approve the motion but ignores the rule that "delay caused by the defendant's counsel is also charged against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 91 (2009). Absent a showing that (contrary to the District Court's finding) a continuance was not needed to give Hatchett's counsel time to prepare for trial, we can't say that acquiescence to the continuance fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. We will therefore affirm the District Court's ruling to that extent.

III

Hatchett's remaining two claims concern counsel's alleged failure to adequately pursue a sentencing variance to account for a delay in the initiation of the federal criminal proceedings. Because the Government concedes that remand is necessary for the District Court to fully address these claims in the first instance, we will remand the case for further proceedings consistent with this opinion. During those proceedings, the District Court may exercise its discretion to determine whether a hearing or discovery is necessary to its disposition.